UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew J. Kinne,<br><br>　　　　　Plaintiff,<br>v.<br><br>Federal Deposit Insurance Corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 04-30198 (MAP)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT FEDERAL DEPOSIT INSURANCE
CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Matthew J. Kinne (plaintiff) filed this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, alleging that the Federal Deposit Insurance Corporation (FDIC) has wrongfully failed to release information that he requested in accordance with the FOIA. In response to plaintiff's complaint, and for the reasons set forth below, the FDIC moves for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts.

**I.   Background**

A detailed narrative of plaintiff's FOIA request is set forth in Tab 1 which is a copy of the FDIC's *Vaughn* Index Declaration of Fredrick L. Fisch and supporting exhibits (Fisch Declaration). The Fisch Declaration sets forth the administrative record relating to plaintiff's FOIA request to the FDIC. Plaintiff initially requested records under the FOIA by electronic mail dated July 20, 2004. In his FOIA request, plaintiff sought from the FDIC "[a]ll documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at

1

Goodwin Procter LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne, from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of *Kinne v. Berkshire Hills Bancorp, et al.*" Fisch Declaration at 2-3, ¶ 7, Exhibit A.

The FDIC assigned plaintiff's request FOIA Log No. 04-0419 and, following review of the responsive documents, sent on August 18, 2004, a formal response to plaintiff's FOIA request notifying him that responsive documents had been located but that all of the responsive material was exempt from disclosure pursuant to FOIA exemptions 3, 4, 6, and/or 8. Fisch Declaration at 3-4, ¶¶ 9-10, Exhibit B. By letter dated August 25, 2004, plaintiff appealed to the FDIC's General Counsel the FDIC's response to his initial request. In particular, plaintiff challenged the FDIC's assertion that the responsive materials were exempt in their entirety from disclosure and the FDIC's determination not to disclose to him the approximate volume of the responsive information. Fisch Declaration at 4, ¶ 11, Exhibit C. In a response dated September 21, 2004, the FDIC, after considering plaintiff's appeal, released to plaintiff 19 pages of responsive records and notified him that small portions of the released records were redacted pursuant to FOIA exemptions 3 and 7(C). The FDIC also notified plaintiff that five pages of the records are exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6, and 7(C). Fisch Declaration at 4, ¶ 14, Exhibit D.

Plaintiff's Complaint for Injunctive Relief (Complaint) was served on the FDIC on October 1, 2004. The Complaint requests an order directing FDIC to immediately release the requested records and also seeks attorneys' fees and costs.

II.   **Discussion**

   A.   **Standards for Summary Judgment**

The FDIC is entitled to summary judgment because it has fully complied with FOIA's requirements. Summary judgment is appropriate in a FOIA action when the pleadings and declarations show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Alyeska Pipeline Serv. Co. v. U.S. EPA*, 856 F.2d 309, 313 (D.C. Cir. 1988); *Cooper v. First Government Mortg. and Investors Corp.*, 238 F. Supp.2d 50 (D.D.C. 2002); *Schrecker v. U.S. Department of Justice*, 14 F. Supp.2d 111, 115 (D.D.C. 1998).

In ruling on a motion for summary judgment, the court must construe all evidence and inferences therefrom in the light most favorable to the non-moving party. However, the non-moving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the ultimate burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Summary judgment may be granted solely on the basis of agency affidavits if they are clear, specific, and reasonably detailed, if they describe the withheld information in a factual and nonconclusory manner, and if there is no contradictory evidence on the record or evidence of bad faith. *See, e.g., Assassination Archives & Research Center v. CIA*, 177 F. Supp.2d 1, 8 (D.D.C. 2001) (pointing out that "mere assertion of bad faith is not sufficient to overcome a motion for summary judgment" (citing *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)). If all of these requisites are met, such affidavits typically are accorded substantial

3

weight by the courts. *See, e.g., Gardels v. CIA*, 689 F.2d 1100, 1104 (D.C. Cir. 1982).

**B.     FDIC has Produced to Plaintiff All Responsive Nonexempt Material.**

In this case, as evidenced by the Fisch Declaration, no material facts are at issue because the FDIC has produced to plaintiff all responsive materials that are not subject to applicable FOIA exemptions. The undisclosed material at issue in this case consists of 1) five pages of material which constitute reports filed pursuant to the Bank Secrecy Act, Titles I and II of Public Law 91-508, as amended, codified at 12 U.S.C. § 1829b, 12 U.S.C. §§ 1951-59, and 31 U.S.C. §§ 5311-32 (BSA) (hereinafter referred to as the BSA reports) and 2) five redactions of one sentence or less (two of which are duplicates) from the 19 pages of material released to the plaintiff (the redacted material) which would, if disclosed, reveal either the nature of or specifically identify the BSA reports.

The Fisch Declaration provides a description of the BSA reports and the redacted material, the bases for its withholding and redactions and how the FOIA exemptions apply to the BSA reports and the redacted material in question. *See, e.g., Animal Legal Defense Fund v. Dept. of Air Force*, 44 F. Supp.2d 295, 301 (D.D.C. 1999) (quoting *King v. United States Dept. of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987)) (Moving party for summary judgment in FOIA matter must supply "relatively detailed justification, specifically identifying why a particular exemption is relevant and correlate those claims with the particular part of a withheld document to which they apply.") As such, the FDIC has demonstrated that no responsive disclosable information was withheld from plaintiff and, therefore, is entitled to summary judgment.

**C.     The Material Plaintiff Seeks is Exempt from Disclosure.**

As discussed above, in response to plaintiff's administrative appeal, the FDIC released to him 19 pages of records consisting principally of correspondence between FDIC staff and

Berkshire Bank's attorneys. The released records did, however, contain the redacted material described above. The FDIC withheld from disclosure the BSA reports because they are exempt from disclosure in their entirety pursuant to FOIA exemption 3. In addition, FOIA exemptions 4, 6, and 7(C) also apply to portions of the withheld BSA reports.

*FOIA Exemption 3*

Title 5 U.S.C. § 552(b)(3) allows for the deletion of information "specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *Id.* "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980); *See also Maynard v. CIA*, 986 F.2d 547, 555 (1st Cir. 1993).

In addition, "unlike actions under other FOIA exemptions, agency decisions to withhold materials under exemption 3 are entitled to some deference." *Church of Scientology Int'l v. U.S. Dept. of Justice*, 30 F.3d 224, 235 (1st Cir. 1994). As this Court has observed, "once a court determines that the statute in question is an Exemption 3 statute, and that the information requested at least arguably falls within the statute, FOIA *de novo* review normally ends." *Crooker v. Tax Div. of U.S. Dept. of Justice, et al.*, No. CIV.A.94-30129 MAP, 1995 WL 783236, at *12 (D. Mass. Nov. 17, 1995) *quoting Aronson v. IRS*, 973 F.2d. 962, 967 (1st Cir. 1992).

In this case, pursuant to 31 U.S.C. § 5319, the BSA reports at issue are specifically exempt from disclosure under the FOIA. *See* Fisch Declaration at 7, ¶ 21. The language in section 5319 could not be any clearer and as such, the BSA reports fall squarely within the first prong of exemption 3 because a federal statute specifically prohibits their disclosure and leaves the FDIC with no discretion on this issue. *See, Linn v. United States Dept. of Justice*, No. 92-1406, 1995 WL 631847, at *30 (D.D.C. Aug. 22, 1995) (holding that 31 U.S.C. § 5319 qualifies as exemption 3 statute.)

Because a federal nondisclosure statute specifically exempts from disclosure the BSA reports, the FDIC pursuant to FOIA exemption 3 cannot release the reports to the plaintiff. "The absolute language of section 5319 eliminates any possibility of agency discretion; under the provision, all [BSA] reports prepared under the listed regulations, without exception, are exempt from disclosure." *Id.* at *30. Moreover, exemption 3 also prohibits the agency from releasing the redacted portions of the disclosed correspondence because they would, if disclosed, reveal either the nature or identity of the withheld BSA reports. The FDIC, however, is in the difficult predicament of being unable to describe with specificity the BSA reports covered under exemption 3 because doing so could cause it to violate other provisions of the BSA. For this reason, the Court may conclude that it would benefit from directing *in camera* submission of the disputed material.

*Other Applicable Exemptions*

Although the BSA reports and the redacted material are wholly protected from disclosure under FOIA exemption 3, FOIA exemptions 4, 6 and 7(C) are also applicable to portions of the material at issue. *See* Fisch Declaration at 8-9, ¶¶ 23-28. Exemption 4 protects from disclosure privileged or confidential commercial or financial information obtained from a

person. 5 U.S.C. § 552(b)(4). Exemption 6 permits a government agency to withhold material in personnel, medical and "similar files" when disclosure of such information would constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In a related vein, exemption 7(C), the law enforcement counterpart to exemption 6, provides protection for personal information in law enforcement records the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Whereas exemption 6 routinely requires an identification and balancing of the relevant privacy and public interests, exemption 7(C) can be ever more "categorized" in its application. *See SafeCard Services v. SEC*, 926 F.2d 1197 (D.C. Cir 1991); *Crooker*, 1995 WL 783236, at *16.

Portions of the BSA reports include personal financial information pertaining to third parties. The reach of exemption 4 is sufficiently broad to encompass financial and commercial information concerning a third party and protection is therefore available regardless of whether the information pertains directly to the commercial interests of the part that provided it or pertains to the commercial interests of another. *See, e.g., Board of Trade of the City of Chicago v. Commodity Futures Trading Commission*, 627 F.2d 392, 405 (D.C. Cir. 1980).

The BSA reports also identify by name third party individuals. In view of the traditional recognition of the strong privacy interests inherent in law enforcement records, the categorical withholding of information that identifies third parties in such records will ordinarily be appropriate. *See, e.g., Nation Magazine v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). Thus, portions of records in investigatory files which would reveal subjects, witnesses and informants in law enforcement investigations are categorically exempt. *SafeCard Services v. SEC*, 926 F.2d 1197 (D.C. Cir 1991). The very strong interest of individuals, whether they be suspects, witnesses or investigators, "in not being associated with alleged

7

criminal activity" has been repeatedly recognized by the courts. *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990).

Under the traditional exemption 6 and 7(C) analyses, once a privacy interest has been identified, it is balanced against any public interest that would be served by disclosure. *U.S. Dept. of State v. Ray*, 502 U.S. 164, 175 (1991); *Schiffer v. FBI*, 78 F.3d. 1405, 1410 (9th Cir. 1996). The relevant public interest to be weighed in this balance is the extent to which disclosure would serve FOIA's core purpose of contributing significantly to public understanding of the government's operations or activities. *U.S. Dept. of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 495-96 (1994). Not only must the requestor state a legitimate public interest, he must also demonstrate that the public interest in disclosure is sufficiently compelling to outweigh strong privacy interests. *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 775 (1989). This standard will usually not be satisfied when requestors seek law enforcement information pertaining to individuals. *Quinon v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996).

Most recently, in *National Archives & Records Administration v. Favish*, 124 S.Ct. 1570 (2004), the Supreme Court emphasized that the public interest to be advanced must be significant and "must show [that disclosure of] the information is likely to advance that interest" – what the Court referred to as "the necessary nexus" between any qualifying public interest and the particular records in question. *Id.* at 1580-81. The Court went on to find that the Ninth Circuit had erred in failing to conduct an appropriate public interest analysis and held that a requestor must establish much more than *Favish* did as part of the FOIA's privacy balancing process in such a case – he "must produce evidence that would warrant a belief by a reasonable person that the alleged [g]overnment impropriety might have occurred." *Id.* at 1581. The

Supreme Court stressed too that this standard must be met even "to put the balance into play." *Id.* at 1582.

Exemptions 4, 6 and 7(C) are pertinent here because portions of the BSA reports contain sensitive personal information, including financial information, about individuals other than plaintiff, disclosure of which would constitute an invasion of privacy interests. Moreover, in this case plaintiff has not shown, as required by *Favish*, evidence warranting a belief that a government impropriety might have occurred. Although plaintiff has asserted that he needs the withheld records to "vindicate the public's right to information about government conduct", he has not put forth any evidence indicating that government misconduct has occurred. *See* Complaint at 2, ¶ 4. Thus, plaintiff has failed to demonstrate under exemptions 6 and 7(C) that the public interest tips in favor of releasing the withheld records. *See, U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. at 780 (Because plaintiff's request seeks no "official information" about the government agency and, is in fact, nothing more than a request for "records that the Government happens to be storing, the invasion of privacy is unwarranted.")

### III.  Conclusion

For the foregoing reasons, the FDIC is entitled to summary judgment in its favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts.

Dated:  October 28, 2004                                    Respectfully submitted,

Charles L. Cope, D.C. Bar No. 70672
Senior Counsel
550 17th Street, NW, H-2008
Washington, DC 20429
(202) 736-0515
(202) 736-0584 (fax)
ccope@fdic.gov

                                                Thomas L. Holzman, D.C. Bar # 950162
Counsel
550 17th Street, NW, H-2006
Washington, DC 20429
(202) 736-0514
(202) 736-0584 (fax)
thholzman@fdic.gov

_/s/ Barbara Katron_

Barbara Katron, D.C. Bar No. 387970
Counsel
Federal Deposit Insurance Corporation
550 17th Street, NW, H-2046
Washington, D.C. 20429
(202) 736-0059
(202) 736-0584 (fax)
bkatron@fdic.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2004, a copy of the FDIC's Motion for Summary Judgment, Statement of Material Facts as to Which There Is No Genuine Issue, and Memorandum in Support of Motion for Summary Judgment and accompanying exhibits was served by regular mail on the following counsel of record:

John Garber, Esq.
Weinberg & Garber
71 King Street
Northampton, MA 01060