UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew J. Kinne,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Deposit Insurance Corporation,<br><br>    Defendant. | Civil Action No. 04-30198 (MAP) |

**Declaration of Fredrick L. Fisch**

I, Fredrick L. Fisch, declare as follows:

(1)  The Federal Deposit Insurance Corporation (FDIC) employs me as the Supervisory Counsel in the Freedom of Information Act (FOIA) and Privacy Act (PA) Group in the FDIC Legal Division at FDIC Headquarters in Washington, D.C.

(2)  In the ordinary course of business, all requests to the FDIC for documents pursuant to the FOIA, 5 U.S.C. § 552 *et seq.*, are routed to my office. One responsibility of my office is to keep a record of each FOIA request, assign it a number and route each request to the appropriate FDIC Divisions and/or Offices. My office is responsible for coordinating the FOIA disclosure review of records referred to the FDIC by other government agencies. It is also my responsibility to determine, in consultation with staff in the appropriate FDIC Divisions and/or Offices, whether documents may be released in whole or in part pursuant to the FOIA.

(3)  In the ordinary course of business, appeals from denials of FOIA requests are submitted to my office, assigned an appeal number, logged into the FOIA/PA

Group's tracking system and then routed for response to the FDIC General Counsel's designee.

(4) Due to the nature of my official duties, I am familiar with the procedures followed by the FDIC in responding to requests for information from its files pursuant to FOIA. Specifically, I am aware of the FDIC's initial response and response on appeal to a FOIA request by Daniel R. Solin, an attorney for plaintiff Matthew J. Kinne (plaintiff), which is the subject of this litigation.

(5) The statements herein are made on the basis of personal knowledge or other information made known to me in my capacity as Supervisory Counsel of the FOIA/PA Group.

(6) This declaration provides the Court with a description of the information responsive to plaintiff's FOIA request that was redacted or withheld by the FDIC; identifies each document that contains redactions or was withheld and the statutory exemption claimed; provides justification for the FDIC's assertion of the FOIA exemption used to withhold the information; and demonstrates that all reasonably segregable nonexempt information was released.

*CHRONOLOGY*

(7) By electronic mail dated July 20, 2004, plaintiff's counsel requested that the FDIC release pursuant to the FOIA "All documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Procter LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne, from

2

Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of *Kinne v. Berkshire Hills Bancorp, et al.*" (plaintiff's initial FOIA request). *See* Exhibit A.

(8) Upon receipt of plaintiff's initial FOIA request, my office assigned FDIC FOIA Log No.04-0419 to the request. My staff then contacted the appropriate divisions and/or offices -- in this case the FDIC's Boston Area Office -- to search for responsive documents. In a telephone discussion with plaintiff's counsel on August 18, 2004, my staff confirmed that the initial FOIA request was filed on behalf of the plaintiff and further confirmed with plaintiff's counsel that he wished to narrow the scope of plaintiff's FOIA request to exclude pleadings and other documents filed in *Kinne v. Berkshire Hills Bancorp., et al.* (a wrongful termination lawsuit filed by plaintiff in Massachusetts state court), newspaper articles, and any documents that were solely internal to the FDIC.

(9) In response to plaintiff's initial FOIA request, FDIC staff located 24 pages of responsive material. Upon review of the responsive records, FDIC staff determined that all of the materials were exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6 and/or 8 of the FOIA, 12 U.S.C. § 552(b)(3), (b)(4), (b)(6) and (b)(8).

(10) By letter dated August 18, 2004, I notified plaintiff's counsel that the FDIC had located responsive documents but that all documents were exempt from disclosure pursuant to the FOIA exemptions cited above. I also notified plaintiff's counsel that because his request had been denied, he had the right to appeal the denial to

3

the FDIC's General Counsel within 30 business days following his receipt of my letter pursuant to section 309.5(h)(2) of the FDIC's Rules of Practice. 12 C.F.R § 309.5(h)(2). *See* Exhibit B.

(11) By letter dated August 25, 2004, plaintiff appealed the FDIC's initial FOIA response. Specifically, plaintiff challenged the FDIC's assertion that the responsive materials were exempt from disclosure in their entirety and the FDIC's determination not to disclose to him the approximate volume of the responsive information. *See* Exhibit C.

(12) Upon receipt of plaintiff's FOIA appeal, my office assigned FOIA Appeal No. 04-0012A to the appeal, and forwarded it to the FDIC General Counsel's staff (GC staff) for consideration.

(13) After reviewing the responsive material, GC staff determined that five pages of the responsive material were exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6, and 7(C), 5 U.S.C. § 552(b)(3), (4), (6) and (7)(C). The FDIC General Counsel's designee also concluded that nineteen pages of records, consisting primarily of correspondence between FDIC staff and the bank's counsel, should be released subject to several small redactions made pursuant to FOIA exemptions 3 and 7(C), 5 U.S.C. § 552(b)(3) and (7)(C).

(14) In a letter dated September 21, 2004, FDIC Senior Counsel Charles Cope, the General Counsel's designee, advised plaintiff of his determination that five pages of the records are exempt from disclosure pursuant to FOIA exemptions 3, 4, 6 and 7(C) and further notified him that 19 pages of records were being released

4

subject to certain small redactions made pursuant to FOIA exemptions 3 and 7(C). *See* Exhibit D.

*BANK SECRECY ACT REPORTS*

(15) The five pages of responsive material withheld in their entirety are reports filed pursuant to the Bank Secrecy Act, Titles I and II of Public Law 91-508, as amended, codified at 12 U.S.C. § 1829b, 12 U.S.C. §§ 1951-1959, and 31 U.S.C. §§ 5311-5332 (BSA). The BSA authorizes the Secretary of the Treasury, *inter alia*, to issue regulations requiring financial institutions to keep records and file reports that are determined to have a high degree of usefulness in criminal, tax, and regulatory matters; and to implement anti-money laundering programs and compliance procedures. These reports are to be filed with the Financial Crimes Enforcement Network of the Department of Treasury (FinCEN) and the appropriate law enforcement authorities.

(16) 31 U.S.C. § 5319 provides that the Secretary of the Treasury shall make information in BSA reports available to financial institution supervisory agencies which include the FDIC. BSA Reports are filed on forms issued by FinCEN. BSA reports are maintained in the Currency and Banking Retrieval System (CBRS), an electronic system of records located at the Internal Revenue Service Detroit Computing Center in Detroit, Michigan and managed by FinCEN. FinCEN permits federal, state and local law enforcement agencies and state banking supervisory agencies including FDIC to access CBRS information either directly, or through FinCEN's Project Gateway. FinCEN imposes strict limitations on the ability of agencies accessing information contained in CBRS to

re-disseminate such information without prior permission. FDIC, in the course of its bank examination process, may access BSA reports filed with FinCEN.

(17) As explained below, the FDIC believes it would be harmful to reveal the nature of the five pages of responsive material which constitute reports filed pursuant to the BSA (the BSA reports). However, this declaration describes generally the types of BSA reports that FinCEN collects and to which the FDIC has access and the FOIA exemption that applies to them.

(18) FinCEN collects four different types of reports under the BSA to which the FDIC has access including Reports of International Transportation of Currency and Monetary Instruments filed pursuant to 31 U.S.C. § 5316 and 31 C.F.R § 103.23, Reports of Foreign Bank and Financial Accounts filed pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 103.24, Currency Transaction Reports filed pursuant to 31 U.S.C. § 5313 and 31 C.F.R. § 103.22, and Suspicious Activity Reports (SARs) filed pursuant to 31 U.S.C. § 5318 (g) and 31 C.F.R. §§ 103.18–103.20.

(19) In addition, in collaboration with FinCEN, the federal bank supervisors including the FDIC concurrently issued suspicious transaction reporting rules under their own authority. *See* 12 CFR § 353.3. Under the BSA and pursuant to FDIC regulations, SARS are treated as confidential reports and, as such, financial institutions employees and government officials are prohibited from notifying persons involved in the reported transaction that a SAR has been filed. 31 U.S.C. § 5318(g) and 12 C.F.R. 353.3(g).).

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

*FOIA Exemption 3*

(20) Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3), protects from mandatory release, records specifically exempted from disclosure by another statute. This exemption permits the withholding of records prohibited from disclosure by another statute if that statute either requires that the matters be withheld from the public without discretion, or establishes particular criteria for withholding or refers to particular types of matters to be withheld.

(21) The BSA provision found at 31 U.S.C. § 5319 as amended by the USA Patriot Act,[1] provides in relevant part that "a [BSA] report and records of reports are exempt from disclosure under section 552 of title 5 [FOIA]." Therefore, FDIC relies on FOIA exemption (b)(3) in conjunction with 31 U.S.C. § 5319 to withhold from disclosure the BSA reports responsive to plaintiff's request because BSA reports are specifically exempt from release under the FOIA. Moreover, because 31 U.S.C. § 5319 prohibits disclosure of the BSA reports, the contents of the reports are not subject to segregability.

(22) The FDIC also asserts FOIA exemption 3 to protect from disclosure five portions of material redacted from the 19 pages of correspondence released to plaintiff (the redacted material). The redacted material, in each instance consisting of one sentence or less, would, if disclosed, reveal the nature of or specifically identify the BSA reports.

---

[1] The Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT) Act of 2001 (Public Law 107-56).

*Other Applicable Exemptions*

(23) Although the BSA reports and the redacted material are wholly protected from disclosure pursuant to FOIA exemption 3, the FDIC asserts that to the extent that portions of the BSA reports identify third party individuals and include confidential financial information about third parties, the BSA reports are also covered by FOIA exemptions 4, 6 and 7(C), 5 U.S.C. § 552(b)(3), (4), (6) and (7)(C).

(24) FOIA exemption 4, 5 U.S.C. § 552(b)(4), protects from disclosure privileged or confidential financial information.

(25) FOIA exemption 6, 5 U.S.C. § 552(b)(6), authorizes the withholding of "personnel and medical files and similar files the disclosure of which could constitute a clearly unwarranted invasion of personal privacy." Applying the balancing test established under exemption 6, the FDIC determined that the privacy interests of the individuals identified in the law enforcement reports outweighed any public interest in disclosure.

(26) FOIA exemption 7(C), 5 U.S.C. § 552(b)(7),(C) the law enforcement counterpart to FOIA exemption 6, authorizes the withholding of information contained in investigatory records compiled for law enforcement purposes, the release of which could reasonably constitute an unwarranted invasion of personal privacy of another person. In contrast to FOIA exemption 6, exemption 7(C)'s language establishes a lesser burden of proof to justify withholding information based on the recognition that law enforcement records are inherently more invasive of privacy than other records containing personal information.

(27) In making a determination whether or not to release the identities and personal information of third parties, a balancing test was made of the public's interest in the release of the information against the individual's right to and expectation of privacy as the possible adverse effects disclosure may have upon his/her family, reputation or reprisals resulting therefrom.

(28) In this case, plaintiff has not identified and FDIC staff has not found any public interest in the disclosure of the information contained in the BSA reports in question.

(29) Each step in the handling of plaintiff's FOIA request has been fully consistent with the FDIC procedures, adopted to ensure an equitable response to all persons seeking access to records under the FOIA.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 28th day of October 2004.

Fredrick L. Fisch
Supervisory Counsel
FOIA/PA Group
Legal Division
Federal Deposit Insurance Corporation

Page 1 of 1

# Rosser, Felice L.

**From:** dansolin@earthlink.net
**Sent:** Tuesday, July 20, 2004 11:01 AM
**To:** EFOIA
**Subject:** FOIA Request Form _

* This Email was sent from the EFOIARequest application on the Production server www2.fdic.gov. *

The following EFOIA Request was sent on July 20, 2004 at 11:00 AM.

| | |
|---|---|
| SENDER NAME: | Daniel R. Solin |
| E-MAIL: | dansolin@earthlink.net |
| FIRM: | Law Offices of Daniel R. Solin |
| ADDRESS: | 66 West Street<br>Pittsfield, MA 01201 |
| PHONE: | 239 949-1606 |
| BANK NAME: | Berkshire Bank |
| BANK LOCATION: | Pittsfield, Mass. |
| MAXIMUM FEE: | $1000 |
| INFORMATION REQUESTED: | All documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Procter LLP, that referred or related in any manner to the the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of Kinne v. Berkshire Hills Bancorp, et. al. |



**Federal Deposit Insurance Corporation**
550 17th St. NW Washington DC, 20429

Legal Division

AUG 18 2004

Daniel R. Solin, Esquire
Law Offices of Daniel S. Solin
66 West Street
Pittsfield, Massachusetts 01201

   RE: FDIC FOIA Log No. 04-0419

Dear Mr. Solin:

This is in response to your electronic mail message of July 20, 2004, in which you requested, pursuant to the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), copies of records that you described as follows:

> "All documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Procter LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of Kinne v. Berkshire Hills Bancorp, et al."

We referred your FOIA request to our Legal Division for a records search. Following a records search of appropriate files, our Legal Division located information that is responsive to your July 20, 2004, FOIA request.

I understand that, during an August 18, 2004, telephone conversation with senior FOIA specialist Jerry Sussman of my staff, you were advised that our records search had been completed, and that the information located included some pleadings and other documents that had been filed in the referenced litigation. I further understand that, during that conversation, you confirmed that you had filed the FOIA request on behalf of Matthew J. Kinne, and stated that you wished to exclude from the scope of your request pleadings and other documents filed in *Kinne v. Berkshire Hills Bancorp., et al.*, newspaper articles, and any documents that solely were internal to the FDIC.

We have completed our disclosure review of the responsive information and are hereby denying your FOIA request. The records located in response to your FOIA request are exempt from disclosure pursuant to FOIA Exemptions 3, 4, 6, and/or 8, 5 U.S.C. § 552 (b)(3), (b)(4), (b)(6) and/or (b)(8), and are being withheld in their entireties pursuant to those Exemptions. FOIA Exemption 3 permits the withholding of information specifically exempted from disclosure by statute, provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for w̲ ̲ ̲ ̲ refers to particular types of matters to be withheld. In this instance, the ir from disclosure pursuant to 31 U.S.C. § 5318 (g). FOIA Exemption 4 per

04-30198
Fisch Declaration
EXHIBIT 3 Pg 1 of 2

2

trade secrets, and commercial or financial information that has been obtained from a person and is privileged or confidential. FOIA Exemption 6 permits the withholding of personal information which, if released, would constitute a clearly unwarranted invasion of personal privacy. FOIA Exemption 8 permits the withholding of information contained in, or related to, the examination, operating, or condition reports prepared by, on behalf of, or for the use of the FDIC in its regulation or supervision of financial institutions.

The FOIA provides that, in denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request, unless providing such estimate would harm an interest protected by the exemption in subsection (b) pursuant to which the denial is made. In this instance, we have determined that the provision of an estimate of the volume of the information denied would harm an interest protected by one or more FOIA Exemptions.

In your FOIA request, you agreed to pay a maximum fee of $1,000.00. I understand that, during your August 18, 2004, telephone conversation with Mr. Sussman, you were advised that the direct billable costs of processing your request were about $200.00. You reaffirmed your willingness to proceed with you request, though you were informed that the information was quite probably exempt from FOIA disclosure. I have enclosed an invoice reflecting the direct billable costs.

This letter constitutes formal notification that your request has been denied. You have the right to appeal to the FDIC's General Counsel within 30 business days following receipt of this letter. If you decide to appeal, please submit your appeal in writing to the General Counsel. Your appeal should be addressed to the FOIA/PA Group, Legal Division, FDIC, 550 17th Street, NW, Washington, D.C. 20429. Please refer to the log number and include any additional information that you would like the General Counsel to consider.

If you have any questions with respect to this matter, you may contact Senior FOIA Specialist Jerry Sussman of my staff at: (202) 736-0532.

Sincerely,

Fredrick L. Fisch
Supervisory Counsel
FOIA/PA Group

# DANIEL R. SOLIN

ATTORNEY AT LAW

TIERNEY BUILDING
66 WEST STREET
PITTSFIELD, MA 01201
TEL: (413) 443-7800
FAX: (413) 443-9605

**Via Federal Express**
**Tracking Number: 792715603122**

Wednesday, August 25, 2004

FOIA/PA Group
Legal Division FDIC
550 17th Street, NW
Washington, D.C. 20429

RE: **FDIC FOIA Log No. 04-0419**

Dear Sir:

This letter constitutes an appeal from the denial of the Freedom of Information Act request made in an electronic mail message of July 20, 2004. The denial is set forth in a letter to me dated August 18, 2004 from Fredrick L. Fisch.

The request for records was as follows:

> "All documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Procter LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of Kinne v. Berkshire Hills Bancorp, et al."

My understanding of the denial is that such records exist, but that the FDIC asserts that they are exempt from disclosure pursuant to FOIA Exemptions 3, 4, 6, and/or 8, 5 U.S.C. § 552 (b)(3), (b)(4), (b)(6) and/or (b)(8). In addition the FDIC refused to even estimate the volume of the information denied because it "... determined that the provision of an estimate of the volume of the information denied would harm an interest protected by one or more FOIA Exemptions."

It is difficult to believe that communications from outside counsel or other agents of Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, is subject to a blanket exemption from disclosure. At the very least, an effort should be made to produce redacted copies of these documents.

Finally, I cannot imagine that the mere disclosure of the volume of these documents actions would actually harm any legitimate interest protected by any exemption.

04-30198
Fisch Declaration
EXHIBIT C Pg of 2

# DANIEL R. SOLIN
ATTORNEY AT LAW

Accordingly, I would ask you to reverse the position set forth in the letter dated August 18, 2004 from Mr. Fisch and to produce the requested documents.

Sincerely yours,

*Daniel R. Solin*

Daniel R. Solin



**FDIC**
Federal Deposit Insurance Corporation
550 17th Street, NW, Washington, DC 20429

Legal Division

September 21, 2004

Daniel R. Solin, Esq.
Tierney Building
66 West Street
Pittsfield, MA 01201

Re: *FOIA Appeal No. 04-0012A*

Dear Mr. Solin:

This is in response to your letter dated August 25, 2004, received on August 26, 2004, appealing the Federal Deposit Insurance Corporation's (FDIC) response to your request, on behalf of your client, Matthew J. Kinne, for records pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Your initial request, by e-mail dated July 20, 2004, sought documents received by the FDIC from Berkshire Bank or its representatives relating to the lawsuit *Kinne v. Berkshire Hills Bancorp, et al.*, which was the subject matter of a July 15, 2004, letter to yourself and others from FDIC Assistant General Counsel Thomas Schulz. I understand that during an August 18, 2004, discussion with FDIC FOIA/Privacy Act Group (FOIA Group) staff you narrowed the scope of your request to exclude pleadings and other documents filed in the referenced lawsuit, newspaper articles and internal FDIC documents.

In a letter dated August 18, 2004, FOIA Group staff notified you that responsive documents had been located but that the records were protected from disclosure in their entirety pursuant to exemptions 3, 4, 6 and/or 8 of the FOIA, 12 U.S.C. § 552(b)(3),(b)(4), (b)(6) and (b)(8). In your appeal, you challenge the FDIC's assertion that the responsive materials are exempt in their entirety from disclosure and the FDIC's determination not to disclose to you the approximate volume of responsive information.

After considering the applicable case law and reviewing the responsive material, I have determined that five pages of records are exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6 and 7(C), 5 U.S.C. § 552(b)(3), (b)(4), (b)(6) and (b)(7)(C). Exemption 3 allows the withholding of information prohibited from disclosure by another federal statute. *See, e.g., Iron & Sears v. Dann*, 606 F. 2d 1215, 1220 (D.C. Cir. 1979). Exemption 4 protects from disclosure privileged or confidential financial information. *Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992), cert. denied, 507 U.S. 984 (1993). FOIA exemption 6 permits an agency to withhold information about individuals located in "personnel and medical files and similar files" where the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." *Department of State v. Washington Post Co.*, 456 U.S. 595 (1982). Whereas exemption 6 routinely requires an identification and balancing of the relevant privacy and public interests, Exemption 7(C) -- the law enforcement counterpart to exemption 6 -- typically permits the "categorical withholding" of information that identifies third

September 21, 2004
Page Two

parties in law enforcement records. *See id.; SafeCard Services v. SEC*, 926 F. 2d 1197 (D.C. Cir 1991).

The remaining 19 pages of responsive records consist primarily of correspondence between FDIC staff and the bank's counsel. After reviewing this material, I have concluded that these documents should be disclosed to you. Therefore, enclosed are 19 pages of records which had previously been withheld from release. Small portions of the released records, however, have been redacted pursuant to FOIA exemptions 3 and 7(C), 5 U.S.C. § 552(b)(3) and (b)(7)(C).

Because your FOIA appeal has been denied in part, you may seek judicial review pursuant to 5 U.S.C. § 552a(4)(B).

Sincerely,

Charles L. Cope
Senior Counsel

Enclosures