UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew J. Kinne,                     )<br>                                         )<br>             Plaintiff,             )<br>v.                                           )<br>                                         )<br>Federal Deposit Insurance Corporation,  )<br>                                         )<br>             Defendant.          )<br>                                         ) | Civil Action No. 04-30198 (MAP) |

**DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S
STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE
ISSUE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1. By electronic mail dated July 20, 2004, Daniel R. Solin, counsel for plaintiff Matthew J. Kinne, requested that the Federal Deposit Insurance Corporation (FDIC) release pursuant to the FOIA "[a]ll documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Procter LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne, from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of *Kinne v. Berkshire Hills Bancorp, et al.*" **Complaint at 1-3, ¶¶ 2, 8; Defendant FDIC's Memorandum in Support of Motion for Summary Judgment, Tab 1, Declaration of Fredrick L Fish (Fisch Declaration) at 2-3 ¶ 7, Exhibit A.**

2. In a telephone discussion with plaintiff's counsel on August 18, 2004, FDIC staff confirmed that the initial FOIA request was filed on behalf of the plaintiff, Matthew J. Kinne (plaintiff), and further confirmed with plaintiff's counsel that he wished to narrow the scope of plaintiff's FOIA request to exclude pleadings and other

1

documents filed in *Kinne v. Berkshire Hills Bancorp., et al.* (a wrongful termination lawsuit filed by plaintiff in Massachusetts state court), newspaper articles, and any documents that were solely internal to the FDIC. **Fisch Declaration at 3, ¶ 8, Exhibit B.**

3. In response to plaintiff's initial FOIA request, FDIC staff located 24 pages of responsive material. Upon review of the responsive records, FDIC staff determined that all of the materials were exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6 and/or 8 of the FOIA, 12 U.S.C. § 552(b)(3), (b)(4), (b)(6) and (b)(8). By letter dated August 18, 2004, FDIC staff notified plaintiff's counsel that the FDIC had located responsive documents but that all documents were exempt from disclosure pursuant to the FOIA exemptions cited above. **Complaint at 3, ¶ 9; Fisch Declaration at 3-4, ¶¶ 9-10, Exhibit B.**

4. By letter dated August 25, 2004, plaintiff appealed the FDIC's August 18, 2004, FOIA response challenging the FDIC's assertion that the responsive materials were exempt from disclosure in their entirety and the FDIC's determination not to disclose to him the approximate volume of the responsive information. **Complaint at 3, ¶ 10; Fisch Declaration at 3-4, ¶ 11, Exhibit C.**

5. After reviewing the responsive material and considering plaintiff's appeal, the FDIC General Counsel's designee determined that five pages of the responsive material were exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6, and 7(C), 5 U.S.C. § 552(b)(3), (4), (6) and (7)(C). The FDIC General Counsel's designee also concluded that nineteen pages of records, consisting primarily of

2

correspondence between FDIC staff and the bank's counsel, should be released subject to several small redactions made pursuant to FOIA exemptions 3 and 7(C), 5 U.S.C. § 552(b)(3) and (7)(C). **Complaint at 3, ¶ 11; Fisch Declaration at 4, ¶ 13, Exhibit D.**

6. The five pages of material exempt from disclosure in their entirety constitute reports filed pursuant to the Bank Secrecy Act, Titles I and II of Public Law 91-508, as amended, codified at 12 U.S.C. § 1829b, 12 U.S.C. §§ 1951-1959, and 31 U.S.C. §§ 5311-5332 (BSA). These records, hereinafter referred to as BSA reports, are prohibited from disclosure pursuant 31 U.S.C. § 5319. The BSA reports also identify third party individuals and include confidential financial information about these third parties which, if released, would constitute an unwarranted invasion of the individuals' personal privacy. **Fisch Declaration at 5, 7-86, ¶¶ 15, 21-23.**

7. The material deleted from the 19 pages of records released to plaintiff constitutes five redactions of one sentence or less (two of which are duplicates) which would, if disclosed, reveal the nature of or specifically identify the BSA reports. **Fisch Declaration at 7, ¶ 22.**

8. In a letter dated September 21, 2004, FDIC Senior Counsel Charles Cope, the General Counsel's designee, advised plaintiff of his determination that five pages of the records are exempt from disclosure pursuant to FOIA exemptions 3, 4, 6 and 7(C) and further notified him that 19 pages of records were being released subject to certain small redactions made pursuant to FOIA exemptions 3 and 7(C). **Complaint at 3, ¶ 11; Fisch Declaration at 4-5, ¶ 14, Exhibit D.**

9.   The FDIC has produced to plaintiff in response to his FOIA request all materials not subject to applicable FOIA exemptions. **Fisch Declaration at 5-9, ¶¶ 15-28.**

Dated: October 28, 2004

Respectfully submitted,

Charles L. Cope, D.C. Bar No. 70672
Senior Counsel
550 17th Street, NW, H-2008
Washington, DC 20429
(202) 736-0515
(202) 736-0584 (fax)
ccope@fdic.gov

Thomas L. Holzman, D.C. Bar No. 950162
Counsel
550 17th Street, NW, H-2006
Washington, DC 20429
(202) 736-0514
(202) 736-0584 (fax)
thholzman@fdic.gov

_____
Barbara Katron, D.C. Bar No. 387970
Counsel
Federal Deposit Insurance Corporation
550 17th Street, NW, H-2046
Washington, DC 20429
(202) 736-0059
(202) 736-0584 (fax)
bkatron@fdic.gov