UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW J. KINNE,
Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION

Defendant.

CIVIL ACTION
DOCKET NO. 04-30198 (MAP)

## MEMORANDUM IN OPPOSITION TO DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Matthew J. Kinne, for his Memorandum in Opposition to the Motion for Summary Judgment of Defendant Federal Deposition Insurance Corporation ("FDIC"), states as follows:

A. **Background**

There is no dispute concerning the chronology of events leading up to this motion. Nor is there any dispute that Plaintiff does not seek any documents that are subject to any legitimate exemption from disclosure.

However, the prior conduct of the FDIC in withholding from disclosure *all* of the documents requested by Kinne, when it is now apparent that there was no basis for this position, is sufficient basis for the Court to determine that it should not accept the current position of the FDIC without reviewing the withheld documents *in camera*.

Since both the FDIC and Kinne are in agreement that this would be appropriate, Kinne asks the Court to do so and to make a *de novo* determination concerning whether all or any part of the withheld documents are required to be disclosed.

0411031439-0001

**B.     Legal Argument**

While the position of the FDIC in this matter may or may not have merit (in whole or in part), the Senate Report on a bill that led to the adoption of the Freedom of Information Act expresses the importance of having exemptions to disclosure that are clearly delineated so as to prevent the Government from expanding the exemptions beyond what Congress intended. The Senate Report states:

> Section 3 of the Administrative Procedure Act, that section which S. 1666 would amend, is full of loopholes which allow agencies to deny legitimate information to the public. *It has been shown innumerable times that withheld information is often withheld only to cover up embarrassing mistakes or irregularities and justified by such phrases in section 3 of the Administrative Procedure Act as--"requiring secrecy in the public interest," "required for good cause to be held confidential," and "properly and directly concerned."*
>
> It is the purpose of the present bill (S. 1666) to eliminate such phrases, to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language and to provide a court procedure by which citizens and the press may obtain information wrongfully withheld. It is essential that agency personnel, and the courts as well, be given definitive guidelines in setting information policies. Standards such as "for good cause" are certainly not sufficient.
> S. Rept. 88-1219 at 8 (emphasis added).

*See also, Nadler v. United States Dep't of Justice, 955 F.2d 1479, 1484 (11th Cir. 1992).*

This Court clearly has the discretion to examine records *in camera* to determine whether the documents withheld by the FDIC qualify for any of the exemptions it asserts. *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 483;  (2d Cir. 1999); *United States DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 768, 103 L. Ed. 2d 774, 109 S. Ct. 1468 (1989); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 57 L. Ed. 2d 159, 98 S. Ct. 2311 (1978).

The prior conduct of the FDIC in refusing to produce any documents based upon the same exemptions claimed here is ample grounds for an independent review of the current position of this agency.

## C.  Conclusion

For the foregoing reasons, plaintiff asks the Court to review *in camera* all of the documents withheld by the FDIC and to make an independent determination as to whether all or any of them should be produced to plaintiff.

Respectfully submitted,

THE PLAINTIFF, MATTHEW J. KINNE,

By:_____
Daniel R. Solin, Esq.
66 West Street
Pittsfield, MA 01201
(413) 443-7800
BBO # 556342

and

John Garber
Weinberg & Garber, P.C.
71 King Street
Northampton MA 01060
(413) 582 6886
BBO # 635313

Dated: November 9, 2004            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, John E. Garber, Esq., hereby certify that on this 9th day of November, 2004, I served a copy of the foregoing document via Regular Mail, to Defendant's counsel. Subscribed under penalties of perjury.

_____
John E. Garber, Esq.

0411031439-0001

3