UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW J. KINNE,
    Plaintiff

v.

FEDERAL DEPOSIT INSURANCE CORPORATION

    Defendant.

CIVIL ACTION
DOCKET NO. 04-30198 (MAP)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS AND
FURTHER STATEMENT OF MATERIAL FACTS**

Plaintiff Matthew J. Kinne, pursuant to Fed.R.Civ.Pro. 56 and Local Rule 56.1, for his Response to Defendant Federal Deposit Insurance Corporation's Statement of Material Facts, and for his Further Statement of Facts, states as follows:

1. By electronic mail dated July 20, 2004, Daniel R. Solin, counsel for plaintiff Matthew J. Kinne, requested that the Federal Deposit Insurance Corporation (FDIC) release pursuant to the FOIA "[a]ll documents received by the FDIC from Berkshire Hills Bancorp., Berkshire Bank or any attorney, representative or agent of those entities, including without limitation, any attorneys employed at Goodwin Proctor LLP, that referred or related in any manner to the subject matter of a letter dated July 15, 2004 to Daniel R. Solin, John Garber and Matthew J. Kinne, from Thomas A. Schulz, Assistant General Counsel of the FDIC. The letter from Mr. Schulz concerned the case of *Kinne v. Berkshire Hills Bancorp, et al.*" **Complaint at 1-3, ¶¶ 2, 8; Defendant FDIC's Memorandum in Support of Motion for Summary Judgment, Tab 1, Declaration of Fredrick L Fish [*sic*] (Fisch Declaration) at 2-3 ¶7, Exhibit A.**

0411031439

1

**Response:** Plaintiff admits the accuracy of Paragraph "1" of Defendant's Statement of Material Facts.

2. In a telephone discussion with plaintiff's counsel on August 18, 2004, FDIC staff confirmed that the initial FOIA request was filed on behalf of the plaintiff, Matthew J. Kinne (plaintiff), and further confirmed with plaintiff's counsel that he wished to narrow the scope of plaintiff's FOIA request to exclude pleadings and other documents filed in *Kinne v. Berkshire Hills Bancorp., et al.* (a wrongful termination lawsuit filed by plaintiff in Massachusetts state court), newspaper articles, and any documents that were solely internal to the FDIC. **Fisch Declaration at 3, ¶8, Exhibit B.**

**Response:** Plaintiff admits the accuracy of Paragraph "2" of Defendant's Statement of Material Facts.

3. In response to plaintiff's initial FOIA request, FDIC staff located 24 pages of responsive material. Upon review of the responsive records, FDIC staff determined that all of the materials were exempt from disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6 and/or 8 of the FOIA, 12 U.S.C. § 552(b)(3), (b)(4), (b)(6) and (b)(8). By letter dated August 18, 2004, FDIC staff notified plaintiff's counsel that the FDIC had located responsive documents but that all documents were exempt from disclosure pursuant to the FOIA exemptions cited above. **Complaint a 3, ¶ 9; Fisch Declaration at 3-4, ¶¶ 9-10, Exhibit B.**

**Response:** Plaintiff admits the accuracy of Paragraph "3" of Defendant's Statement of Material Facts.

4. By letter dated August 25, 2004, plaintiff appealed the FDIC's August 18, 2004 FOIA response challenging the FDIC's assertion that the responsive materials were exempt from disclosure in their entirety and the FDIC's determination not to disclose to him the approximate volume of the responsive information. **Complaint at 3, ¶ 10; Fisch Declaration at 3-4, ¶ 11, Exhibit C.**

**Response:** Plaintiff admits the accuracy of Paragraph "4" of Defendant's Statement of Material Facts.

5. After reviewing the responsive material and considering plaintiff's appear the FDIC General Counsel's designee determined that five pages of the responsive material were exempt from

0411031439

2

disclosure in their entirety pursuant to FOIA exemptions 3, 4, 6, and 7(C), 5 U.S.C. § 552(b)(3), (4), (6) and (7)(C). The FDIC General Counsel's designee also concluded that nineteen pages of records, consisting primarily of correspondence between FDIC staff and the bank's counsel, should be released subject to several small redactions made pursuant to FOIA exemptions 3 and 7(C), 5 U.S.C. § 552(b)(3) and (7)(C). **Complaint at 3, ¶ 11; Fisch Declaration at 4, ¶ 13, Exhibit D.**

<u>Response:</u>   Plaintiff admits that the General Counsel of Defendant made the determinations set forth in paragraph "5" of Defendant's Statement of Material Facts, but Plaintiff does not have sufficient information to know the basis of this determination or the size of the redactions in the released documents.

6. The five pages of material exempt from disclosure in their entirety constitute reports filed pursuant to the Bank Secrecy Act, Titles I and II of Public Law 91-508, as amended, codified at 12 U.S.C. § 1829b, 12 U.S.C. §§ 1951-1959, and 31 U.S.C. §§ 5311-5332 (BSA). These records, hereinafter referred to as BSA reports, are prohibited from disclosure pursuant [sic] 31 U.S.C. § 5319. The BSA reports also identify third party individuals and include confidential financial information about these third parties which, if released, would constitute an unwarranted invasion of the individuals' personal privacy. **Fisch Declaration at 5, 7-86, ¶¶ 21-23.**

<u>Response:</u>   Plaintiff does not have sufficient information to admit or deny the statements in paragraph "6" of Defendant's Statement of Material Facts because these documents are in the exclusive control of Defendant.

7. The material deleted from the 19 pages of records released to plaintiff constitutes five redactions of one sentence or less (two of which are duplicates) which would, if disclosed, reveal the nature of or specifically identify the BSA reports. **Fisch Declaration at 7, ¶ 22.**

<u>Response:</u>   Plaintiff does not have sufficient information to admit or deny the statements in paragraph "7" of Defendant's Statement of Material Facts because these documents are in the exclusive control of Defendant.

8. In a letter dated September 21, 2004, FDIC Senior Counsel Charles Cope, the General Counsel's designee, advised plaintiff of his determination that five pages of the records are exempt from disclosure pursuant to FOIA exemptions 3, 4, 6 and 7(C) and further notified him that 19 pages of records were being released subject to certain small redactions made pursuant to FOIA exemptions 3 and 7(C). **Complaint at 3, ¶11; Fisch Declaration at 4-5, ¶ 14, Exhibit D.**

<u>Response:</u>  Plaintiff admits the accuracy of Paragraph "8" of Defendant's Statement of Material Facts.

9. The FDIC has produced to plaintiff in response to his FOIA request all materials not subject to applicable FOIA exemptions. **Fisch Declaration at 5-9, ¶¶ 15-28.**

<u>Response:</u>  Plaintiff does not have sufficient information to admit or deny the statements in paragraph "9" of Defendant's Statement of Material Facts because these documents are in the exclusive control of Defendant.

## FURTHER STATEMENT OF MATERIAL FACTS

1. The documents released by the FDIC to Kinne in response to Kinne's FOIA request are attached to the Declaration of John E. Garber, Esq. as Exhibit A. **(John Garber Affidavit, attached hereto, ¶ 3).**

Respectfully submitted,

THE PLAINTIFF, MATTHEW J. KINNE

By:_____
Daniel R. Solin, Esq.
66 West Street
Pittsfield, MA 01201
(413) 443-7800
BBO # 556342

and

0411031439                                                                                                  4

John Garber<br>
Weinberg & Garber, P.C.<br>
71 King Street<br>
Northampton MA 01060<br>
(413) 582 6886<br>
BBO # 635313

Dated: November 9, 2004

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, John E. Garber, Esq., hereby certify that on this 9th day of November, 2004, I served a copy of the foregoing document via Regular Mail, to Defendant's counsel.

Subscribed under penalties of perjury.

_____
John E. Garber, Esq.

0411031439

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW J. KINNE,<br><br>Plaintiff<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION<br><br>Defendant. | CIVIL ACTION<br>DOCKET NO. 04-30198 (MAP) |

## AFFIDAVIT OF JOHN GARBER, ESQ.

I, John Garber, on oath and under penalties of perjury, declare as follows:

(1) I am co-counsel to Plaintiff, Matthew J. Kinne. I submit this Affidavit in opposition of the motion for summary judgment of Defendant, Federal Deposit Insurance Corporation.

(2) The moving Declaration of Federick L. Fisch accurately sets forth the chronology of this matter.

(3) Attached to this Declaration, and collectively marked as Exhibit "A", are the documents (some with redactions), which the FDIC produced only after Kinne filed an appeal with the General Counsel of the FDIC.

(4) Kinne has no desire to obtain any documents which are properly subject to any legitimate exemption from disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November 2004.

_____
John E. Garber, Esq.

0411031438

Page 1 of 1